APPEAL OF YOST & HERRELL.

Docket No. 2085.   Submitted July 18, 1925.   Decided September 30, 1925.

*D. N. Burnham, C. P. A.*, for the taxpayer.
*E. C. Lake, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, and SMITH.

This is an appeal from the determination of deficiencies for the years 1919 and 1920 in the amounts, respectively, of $1,488.46 and $397.98, a total of $1,886.44. The taxpayer claims rates of depreciation upon physical property in excess of those allowed by the Commissioner, and a certain deduction taken by it upon its 1919 return on account of alleged demolition of property of the amount of $3,179.70, which amount was disallowed by the Commissioner.

92208—26——48

## FINDINGS OF FACT.

The taxpayer is a corporation organized under the laws of the District of Columbia, with its principal office therein. It was during the taxable years in question engaged in the business of operating a lumberyard and manufacturing millwork for sale.

During the years in question the taxpayer owned machinery and equipment the cost of which is set forth in a certain report of an examining revenue agent, received in evidence. This cost was divided on its books into machinery and equipment, stable equipment, trucks, automobiles, and furniture and fixtures. The Commissioner, in accordance with the report of the said revenue agent, allowed depreciation at the rates on the above equipment, respectively, of 10, 10, 25, 25, and 10 per cent.

A reasonable allowance for exhaustion, wear, and tear of machinery and equipment in the years in question was 20 per cent. A reasonable allowance for the exhaustion, wear and tear of stable equipment used in the business was 33⅓ per cent. A reasonable allowance for the exhaustion, wear and tear of trucks and automobiles used in the business was 25 per cent. A reasonable allowance for exhaustion, wear and tear of furniture and fixtures used in the business was 10 per cent.

During the year 1919 the taxpayer charged off $3,179.70 of the cost of certain real estate. Prior to the time of purchase of such real estate the taxpayer had occupied certain property belonging to the United States and a portion of the Washington Navy Yard under lease. Due to war conditions the United States resumed possession of the property, and the taxpayer, in order to continue carrying on business in the locality, purchased certain property at that time improved by apartment residences. To make the property suitable for its use the taxpayer removed the partitions upon the property so purchased and rearranged it for offices and for the storage of lumber. From the total cost of the property purchased and the work of alteration above mentioned the taxpayer claims the foregoing deduction as a business expense.

### DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact relating to depreciation and without allowance of the deduction of $3,179.70, as above set forth. Final determination will be settled on consent or on 10 days' notice, under Rule 50.

ARUNDELL not participating.